**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEVIN KNIGHT,

     Plaintiff,        Case No.: 08-10405
                Honorable Anna Diggs Taylor

vs.

HORACE MANN INSURANCE
COMPANY,

     Defendant.

_____/

**ORDER DENYING IN-PART AND GRANTING IN-PART
DEFENDANT'S MOTION FOR RECONSIDERATION (D/E-7)**

   This matter is before this court on Defendant's Motion for Reconsideration, In-Part, of the

Ohio Cuyahoga County Court of Common Pleas' (hereinafter "the Ohio Court") December 10, 2007

Ruling on Summary Judgment.  Specifically, Defendant challenges the Ohio Court's finding that:

(1) Plaintiff may proceed with his negligence *per se* claim based on an alleged violation of M.C.L.

§ 257.217c; and (2) that punitive damages are available to Plaintiff under Michigan law.  For the

reasons articulated below, this court denies Defendant's Motion with respect to the Ohio court's

conclusion that Plaintiff may sustain his claim of negligence *per se* premised upon M.C.L. §

257.217c and grants Defendant's motion regarding the Ohio Court's determination that punitive

damages are available to Plaintiff under Michigan law.

   The issues before the court on this motion are whether Defendant has made a showing: (i)

of a reason justifying relief from the Ohio Court's judgment, and (ii) of a palpable defect by which

the Ohio Court was misled, and that correction of the defect will result in a different disposition of

the case.  *See*  E.D. Mich. L.R. 7.1(g)(3); FED.R.CIV.P. 60.  Federal Rule of Civil Procedure 59

refers to motions "to alter or amend a judgment" and provides that they must be filed "no later than

10 days after entry of the judgment." FED.R.CIV.P. 59(e).  Pursuant to Federal Rule of Civil

Procedure 60, on motion and upon such terms as are just, the court may relieve a party or a party's

legal representative from a final judgment, order or proceeding for: (i) mistake, inadvertence,

surprise or excusable neglect, (ii) newly discovered evidence, (iii) fraud, (iv) the judgment is void,

(v) the judgment has been satisfied or (vi) any other reason justifying relief."  *See* FED.R.CIV.P 60.

In *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir.2006), the Sixth

Circuit held  that the "palpable defect" standard is not inconsistent with requiring a showing of "(1)

a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law;

or (4) a need to prevent manifest injustice."  Pursuant to Local Rule 7.1(g)(3), "[g]enerally, and

without restricting the court's discretion, the court will not grant motions for rehearing or

reconsideration that merely present the same issues ruled upon by the court, either expressly or by

reasonable implication.   The movant must not only demonstrate a palpable defect by which the

court and the parties have been misled but also show that correcting the defect will result in a

different disposition of the case."  E.D. Mich. L.R. 7.1(g)(2)-(3).

Here, Defendant argues that the Ohio Court should have dismissed Plaintiff's claim of

negligence *per se* based on Defendant's alleged failure to comply with M.C.L. § 257.217c, because

the statute does not provide for a private right of action.  This court disagrees, since whether M.C.L.

§ 257.217c provides for a private of action, is not relevant to Plaintiff's negligence *per se* claim

premised upon the alleged violation of this statute.

It is elementary law in Michigan that violation of a statute is evidence of negligence *per se*.

*Hardaway v. Consolidated Paper Co.,* 366 Mich. 190, 196 (1962).  Indeed in an advisory opinion,

the Michigan Supreme Court stated: "the violation of statutes constitutes negligence *per se* so that

the only question for the jury is whether there was causation, not whether there was negligence." *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich. 441, 509 (1973).[1]   Further, in *McKinney v. Anderson,* 373 Mich. 414, 419; 129 N.W.2d 851 (1964), the Michigan Supreme Court held that the defendant's violation of M.C.L. § 257.402 (the rear-end collision statute) created a *prima facie* case of negligence, and that his violation of M.C.L. 257.627 § (the assured clear distance statute) constituted negligence *per se*.   Essentially, in a claim of negligence *per se*, the statute creates that standard of care.   Indeed, the Sixth Circuit in *Myers v. U.S.* 17 F.3d 890, 899 (6th Cir. 1994), stated that "[t]he doctrine of negligence per se was created, not as a means of deciding when a duty of care arises, but rather as a means of defining the particular standard of conduct such a duty requires."

In the instant case, Plaintiff alleges that when Defendant failed to obtain a salvage title for the vehicle he later purchased, this action violated M.C.L. § 257.217c and thus, constituted negligence *per se*.   Plaintiff's claim is clearly a negligence based tort and not a claim for statutory relief under M.C.L. § 257.217c.   Hence, there is no need for this court to address Defendant's argument as to whether there is a private right of action under M.C.L. § 257.217c, since that issue is not relevant to the adjudication of Plaintiff's claim.   Accordingly, this court rejects Defendant's argument and is in accord with the Ohio Court's decision to allow Plaintiff to proceed on his negligence *per se* claim based on Defendant's alleged violation of M.C.L. § 257.217c.

Defendant, however, correctly argues that the Ohio Court erred when it concluded that punitive damages would be available to Plaintiff.   Punitive damages designed to punish a party for

---

[1] See also *Martin v. Ann Arbor R.R.,* 76 Mich. App. 41, 255 N.W.2d 763, 766 (1977), (holding that "[u]nder the negligence *per se* doctrine, the defendant in a negligence action may be held liable in negligence as a matter of law if his conduct amounted to a violation of a statute.").

misconduct are generally not recoverable in Michigan, absent statutory authority. *Casey v. Auto-Owners Ins. Co.,* 273 Mich. App. 388, 400, 729 N.W.2d 277 (2006).[2]  Further, "punitive damages have been disfavored in Michigan for generations."  *Association Research and Development Corp. v. CNA Financial Corp.* 123 Mich. App. 162, 172; 333 N.W.2d 206 (1983).

Here, Plaintiff has not argued that he is entitled to punitive damages on his claim pursuant to any Michigan statute and absent such statutory authority, the law in Michigan is unequivocally clear that punitive damages are not available.  Therefore, since the Ohio Court's determination that punitive damages are available to Plaintiff under Michigan law is a clear error of law constituting a palpable defect, this court must grant Defendant's motion regarding this issue.

Accordingly,

**IT IS ORDERED,** that Defendant's Motion is DENIED with respect to Plaintiff's negligence *per se* premised upon M.C.L. § 257.217c and thus, Plaintiff may proceed with his claim based upon the alleged violation of the aforementioned statute.  Defendant's motion, however, is GRANTED regarding the Ohio Court's determination that punitive damages are available to Plaintiff under Michigan law, since that conclusion is contrary to established Michigan law.

DATED:  March 12, 2009                               **s/Anna Diggs Taylor**
                                                     ANNA DIGGS TAYLOR
                                                     UNITED STATES DISTRICT

---

[2]Courts must be mindful of the fact that punitive damages are available in Michigan only when expressly authorized by the Legislature.  *Gilbert v. DaimlerChrysler Corp.,* 470 Mich. 749, 765; 685 N.W.2d 391 (2004).  *See also,  Ayre v. Outlaw Decoys, Inc.* 256 Mich. App. 517, 529; 664 N.W.2d 263 (2003), where the Michigan Court of Appeals stated:  " . . .only compensatory, not punitive, damages are available in Michigan."

4

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 12, 2009.

<u>s/Johnetta M. Curry-Williams</u>
Case Manager
