# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN KNIGHT,

    Plaintiff,

vs.

Case No.: 08-10405
Honorable Anna Diggs Taylor

HORACE MANN INSURANCE COMPANY,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
(Docket Entry 61)

This matter is before this court on Defendant's Motion for Reconsideration, Specifically, Defendant challenges this court's Order sustaining or reinstating Plaintiff's claim of negligence *per se* premised upon M.C.L. § 257.217c. Pursuant to this court's Order the parties provided supplemental briefing regarding the following issues: (1) whether Plaintiff's negligence *per se* claim is one for economic loss solely and (2) whether a private right of action should be inferred under M.C.L. § 257.217c. For the reasons articulated below, this court grants Defendant's motion.

For the most part, the facts of this case are undisputed. Unbeknownst to Plaintiff, a 1995 Lexus ES300, which he purchased from Ohio resident Vadim Grinberg had been in an accident in the state of Michigan and was "totaled." Prior to Plaintiff purchasing the car, Defendant had insured it, declared it a total loss, took possession of it, and paid the owner the fair market value for it. After acquiring the vehicle, Defendant did not obtain title in its name nor did it get a salvage title. Nonetheless, Defendant arranged for the transfer of the vehicle to Diehl Auto Parts, a Michigan company, to perform the necessary title work. Diehl conveyed the vehicle to B & B Auto, which is based in Ohio. B&B transferred the car to Forest City Auto Sales, another Ohio company, which

sold it to Grinberg who sold the Lexus to Plaintiff. Both Plaintiff and Grinberg are Ohio residents. Plaintiff's claims are based on Defendant's failure to get a salvage title on the Lexus, which resulted in Plaintiff purchasing the car without knowledge of its history.

Plaintiff originally filed this case in Ohio state court, alleging both federal and stated law claims and Defendant removed it based on federal question jurisdiction. Once in federal court, Plaintiff filed an amended complaint removing his federal claims and the Ohio district remanded the case back to state court. The Ohio state court granted summary judgment to all of the Ohio-based defendants and granted summary judgment to Defendant on all the claims against it, except for Plaintiff's claim for compensatory and punitive damages brought under M.C.L. § 257.217c of the Michigan Motor Vehicle Code. Defendant removed the case again to federal court on the basis of diversity and filed a motion for transfer of the case to Michigan, which the court granted.

Once before this court, Defendant brought a motion requesting this court to reconsider the Ohio state court's ruling. This court granted Defendant's motion in-part and denied it in-part, holding that the Ohio court erred in ruling that Plaintiff could get punitive damages under Michigan law but that Plaintiff could sustain a claim for negligence *per se* premised upon M.C.L. § 257.217c. Since this court found that Plaintiff could sustain his negligence *per se* claim based on Defendant's violation of the statute, the court did not address whether M.C.L. § 257.217c provides for private cause of action.

The issues before the court on this motion are whether Defendant has made a showing: (i) of a reason justifying relief from this court's judgment, and (ii) of a palpable defect by which the court was misled, and that correction of the defect will result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(g)(3); FED.R.CIV.P. 60. Federal Rule of Civil Procedure 59 refers to

motions "to alter or amend a judgment" and provides that they must be filed "no later than 10 days after entry of the judgment." FED.R.CIV.P. 59(e). Pursuant to Federal Rule of Civil Procedure 60, on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for: (i) mistake, inadvertence, surprise or excusable neglect, (ii) newly discovered evidence, (iii) fraud, (iv) the judgment is void, (v) the judgment has been satisfied or (vi) any other reason justifying relief." *See* FED.R.CIV.P 60. In *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir.2006), the Sixth Circuit held that the "palpable defect" standard is not inconsistent with requiring a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Pursuant to Local Rule 7.1(g)(3), "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(2)-(3).

Here, Defendant correctly argues that this court should not have sustained Plaintiff's claim of negligence *per se* based on Defendant's alleged failure to comply with M.C.L. § 257.217c, since under Michigan law, a claim of negligence cannot be sustained for economic loss standing alone. In *Henry v. Dow Chem. Co.,* 473 Mich. 63, 75-76, 701 N.W.2d 684 (2005), the Michigan Supreme Court held that to sustain a claim for negligence, a plaintiff must show "a present physical injury to person or property in addition to economic losses that result from that injury.

Here, Plaintiff purchased a vehicle, which he did know Defendant had totaled out. Plaintiff

3

has alleged that when Defendant failed to obtain a salvage title, this action violated M.C.L. § 257.217c and thus, constituted negligence *per se*. Further, Plaintiff alleges that Defendant's actions caused Plaintiff to overpay for the car and suffer damages. Moreover, Plaintiff's argument that the economic loss doctrine should not apply in this case because of the lack of privity of contract between him and Defendant is unpersuasive. The Michigan Court of Appeals "has expressly rejected the argument that the economic loss doctrine does not apply in the absence of privity of contract." *Citizens Ins Co v. Osmose Wood Preserving, Inc,* 231 Mich. App 40, 45; 585 NW2d 314 (1998). Plaintiff's negligence claim is for economic losses, which Michigan Courts have made it unequivocally clear cannot be sustained under Michigan law.

In addition to economic loss, however, Plaintiff also alleges that damages resulted from the emotional distress he experienced as a result of Defendant's alleged conduct. Plaintiff, however, "cannot shield his claims from the Economic Loss Doctrine by seeking compensation for emotional distress. . . ." *Theuerkauf ,*821 F.Supp. at 1242. Further, "[a]lthough the Economic Loss Doctrine by definition applies only to economic loss, the Michigan Supreme Court noted that the term economic loss is a misnomer and that the term commercial loss is more appropriate." *Id.* citing *Neibarger v. Universal Cooperative, Inc.,* 439 Mich. 512, 486 N.W.2d 612 (1992). Indeed, if Plaintiff is allowed to defeat the economic loss doctrine by seeking compensation for emotional distress, this would swallow the doctrine. *Id.* Accordingly, Plaintiff's claim for emotional distress damages cannot salvage his claim and it must be dismissed.

Now that this court has determined that Plaintiff's negligence *per se* claim cannot survive, this court must now address whether M.C.L. § 257.217c provides for a private cause of action. Defendant maintains that it does not and for the ensuing reasons, this court agrees. Michigan courts

4

have held that when a statute creates a new right or imposes a new duty, the remedy provided by the statute to enforce the right, or for nonperformance of the duty, is exclusive. Where the common law provides no right to relief, but the right to relief is created by statute, a plaintiff has no private cause of action to enforce the right unless: (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions. *Lane v. KinderCare Learning Centers, Inc.,* 231 Mich. App. 689, 695-696, 588 N.W.2d 715 (1998).

In the instant case, the parties do not dispute that M.C.L. § 257.217c does not expressly provide for a private cause of action. Hence, this court must determine whether the statute provides adequate means of its enforcement provisions. Chapter 257 of the Michigan Motor Vehicle Code provides that the secretary of state is to observe, enforce, and administer this act. M.C.L. § 257.204. With respect to penalties under Chapter 257, M.C.L. § 257.204 states: "[i]t is a misdemeanor for any person to fail or neglect to properly endorse and deliver a certificate of title to a transferee or owner lawfully entitled thereto." Accordingly, this court will not infer a private cause of action under this statute, since an adequate means for enforcement of its provisions exists.

**IT IS ORDERED,** that Defendant's Motion is Granted and Plaintiff's Complaint is dismissed in its entirety with prejudice.

DATED: March 30, 2010          **s/Anna Diggs Taylor**
                      ANNA DIGGS TAYLOR
                      UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 30, 2010.

                      s/Johnetta M. Curry-Williams
                      Case Manager